

U.S. Department of Justice

Environment and Natural Resources Division

---

*Sue Chen* | *Overnight Mailing Address:*
*Environmental Defense Section* | *Environmental Defense Section*
*P.O. Box 7611* | *4 Constitution Square*
*Washington, D.C. 20044* | *150 M Street N.E.*
*Sue.Chen@usdoj.gov* | *Washington, D.C. 20002*
*Telephone 202.305.0283*

**Oral argument scheduled on September 14, 2023**

July 18, 2023

**Via ECF**

Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue N.W.
Washington, D.C. 20001

    Re:  Response to Petitioners' Rule 28(j) letter in *Texas v. EPA*, No. 22-1031 and consolidated cases

Dear Mr. Langer:

    *Biden v. Nebraska*, 600 U.S. \_\_\_ (2023), confirms that the major-questions doctrine centers on the novelty of agencies' assertions of authority rather than the degree to which agencies use authority.  EPA Br. 51.  At issue was HEROES Act authority for the Secretary of Education to "waive or modify" certain student-loan provisions under the Education Act.  Previously, the Secretary had invoked this authority to make "only minor changes, most[ly]…procedural," Op. 13, and never to cancel underlying debts, Op. 4, 20.

    In *Biden*, the Supreme Court perceived something completely new:  By canceling debt for over 98% of borrowers, the Secretary "created a novel and fundamentally different loan forgiveness program."  Op. 14, 20.  Thus, though Petitioners characterize the issue as one of degree, the Court saw it as categorical: The cancellation was not a waiver or modification at all.  Op. 14-15, 18.  Critical to the Court's major-questions analysis was that the Secretary had never before

1

claimed such expansive power, and that his reading would give him "virtually unlimited power to rewrite the Education Act." Op. 20-21.

Here, EPA did nothing novel: It set the same kind of emission standards—using the same approach and same structural elements—as it had always done when regulating vehicle greenhouse-gas emissions. EPA Br. 16. That consistency distinguishes *Biden* and takes the challenged rule far outside the major-questions ambit.

After *Biden*, the major-questions doctrine continues to apply only in "extraordinary cases," such as when agencies assert "transformative" authority under "ancillary" provisions. EPA Br. 47. To the Court, the Secretary's many prior invocations of HEROES Act authority simply highlighted the challenged debt cancellation's novelty and "extraordinary" nature. Op. 22. By contrast, EPA's regular invocation of its Section 7521(a) authority shows that the agency has continued down the same path it has long trod.

Finally, the economic impact of the Secretary's action does not change the fact that the challenged EPA rule's costs are comparable to predecessors' costs—and well below the price tag that Congress accepted under Section 7521. EPA Br. 59-60. Costs thus offer no reason to doubt Congress's intention to bestow the plain-text authority EPA exercised here.

Sincerely,

*/s/ Sue Chen*

Sue Chen

### Certificate of Service

I certify that on July 18, 2023, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

   */s/ Sue Chen*   
Sue Chen
